IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIEL ARNOLD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No. |
| ) | |
| INDIANA HARBOR BELT RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, DANIEL ARNOLD, JR., by and through his attorneys, George Brugess and Brad Barker of COGAN & POWER, P.C., and complaining of the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, brings this cause of action under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, and in support thereof, the Plaintiff respectfully states:

1. On February 22, 2021, the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY (hereinafter referred to as "IHB"), was a railroad corporation operating and doing business in the State of Indiana.

2. On February 22, 2021, the Defendant, IHB, was doing business as a common carrier for hire, engaged in interstate commerce by rail in various states of the United States, including the State of Indiana.

3. At the time and place aforesaid, IHB was a railroad employer, engaged in interstate commerce by rail, and was subject to and governed by the Federal Employers' Liability Act, Title 45 U.S.C. §§ 51-60 ("FELA" or "the FELA").

1

4. On February 22, 2021, the Plaintiff, DANIEL ARNOLD, JR., was employed by the IHB as a conductor.

5. Subject matter jurisdiction for Plaintiff's injury claim against his employer, the IHB, exists in this Court under the FELA, which vests jurisdiction in state and federal courts for claims for injuries sustained by railroad employees injured in the scope and course of their employment for a railroad engaged in interstate commerce. 45 U.S.C. § 51; 45 U.S.C. § 56; and 28 U.S.C. § 1331.

6. Venue for this claim exists in the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1391(b).

7. On February 22, 2021, the Plaintiff, DANIEL ARNOLD, JR., was engaged in the scope and course of his employment as a conductor for Defendant, IHB, at the Defendant's Michigan Avenue Yard located in East Chicago, Indiana.

8. At the aforesaid time and place, Plaintiff's employment was in furtherance of the interstate commercial business of the Defendant, IHB.

9. At the aforesaid time and place, while walking in Defendant's railyard, Plaintiff, DANIEL ARNOLD, JR., slipped and fell on ice, thereby sustaining serious injury.

10. At the aforesaid time and place, the Defendant, IHB, had a continuing, non-delegable duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work and reasonably safe conditions in which to work.

11. In violation of its duty, Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, negligently and carelessly failed to provide Plaintiff, DANIEL ARNOLD, JR., with a safe place to work, by committing one or more of the following negligent acts or omissions:

    a. failed to provide Plaintiff with a reasonably safe place to work;

b. failed to warn the Plaintiff of the unsafe walking conditions in the railyard;

c. violated certain industry safety standards requiring safe walkways;

d. failed to inspect the railyard on a regular basis for unsafe walking conditions;

e. ordered Plaintiff to perform his job duties in an unsafe location;

f. failed to remove ice from employee walking areas in the railyard when Defendant had actual and/or constructive knowledge of the dangerous condition of the walking conditions;

g. violated industry safety standards, including IHB engineering, operating and safety rules, regarding remediating dangerous conditions;

h. violated rules that require employee walking-working surfaces to be maintained in a clean, orderly, and sanitary condition per 29 C.F.R. § 1910.22(a)(1) 2016;

i. violated rules that require employee walking-working surfaces to be clean, dry, and drained and to provide dry standing areas per 29 C.F.R. § 1910.22(a)(2) 2016;

j. violated rules that require employee walking-working surfaces to be maintained free of hazards, such as ice, per 29 C.F.R. § 1910.22(a)(3) 2016;

k. violated rules that requires a safe means of access and egress to and from work areas;

l. violated rules that require employee walking-working surfaces to be inspected regularly and maintained in a safe condition per 29 C.F.R. § 1910.22(d)(1) 2016;

m. violated rules that require hazardous conditions on employee walking-working surfaces to be corrected or repaired prior to employee use per 29 C.F.R. § 1910.22(d)(2) 2016;

n. violated rules that require employee walking-working surfaces with an unrepairable hazard to be guarded from employee use per 29 C.F.R. § 1910.22(d)(2) 2016;

o. violated rules that require a qualified person to perform or supervise the repair and/or correction of the structural integrity of an employee walking-working surface per 29 C.F.R. § 1910.22(d)(3) 2016;

p. violated 49 CFR Part 213.33 by failing to have adequate drainage in the railyard; and,

    q. was otherwise careless and negligent.

12. Defendant's failure to exercise ordinary care, by one or more of the foregoing negligent acts or omissions, caused the Plaintiff's injuries.

13. As a consequence, Plaintiff, DANIEL ARNOLD, JR., incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses, and is reasonably certain to incur further medical, hospital and related expenses in the future.

14. The IHB is strictly liable for Plaintiff's injuries, without any claim for contributory negligence, due to the IHB's violation of safety regulations.

WHEREFORE, Plaintiff, DANIEL ARNOLD, JR., demands judgment in his favor and against Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, in an amount which will fairly and reasonably compensate the Plaintiff for his injuries, losses and damages, plus costs of court.

Respectfully Submitted,

By: _____
One of Plaintiff's Attorneys

George Brugess
Bradley N. Barker
COGAN & POWER, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
gbrugess@coganpower.com
bbarker@coganpower.com